UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHADRICK WILLIE ROY,

Plaintiff,

v.

CONTRA COSTA COUNTY, et al.,

Defendants.

Case No. 15-cv-02672-TEH

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

This matter came before the Court on September 14, 2015 for a hearing on Defendants City of Concord and Police Chief Guy Swanger's (collectively "City Defendants") and Defendants Contra Costa County and Sheriff David O. Livingston's (collectively "County Defendants") motions to dismiss Plaintiff's Complaint for failure to state a claim. (Docket Nos. 13, 14.) Plaintiff opposed both motions (Docket Nos. 17, 18), and Defendants timely replied (Docket Nos. 19, 20). After carefully considering the Parties' written and oral arguments, the Court hereby GRANTS Defendants' motions, for the reasons set forth below.

**BACKGROUND**

The Complaint is at times unclear, but Plaintiff appears to allege five causes of action stemming from a 2013 arrest, the subsequent detention, and his treatment while in custody. With respect to the arrest, the Complaint includes neither the date nor whether the arrest was made pursuant to a warrant.[1] Plaintiff alleges that Defendants used "unwarranted force" by handcuffing Plaintiff and "shoving [] him into the back of a patrol car." Compl. ¶ 23 (Docket No. 1). This contact appears to be the only basis for the assault

---

[1] The Court has since learned that Plaintiff was first arrested pursuant to an arrest warrant on May 7, 2013. City's Req. for Judicial Notice, Exs. A, B (Docket No. 15). Plaintiff did not contest these facts at the September 14, 2015 hearing, and indeed relied on them in his opposition briefing. *See* Opp'n to City's Mot. at 4 (Docket No. 17).

and battery cause of action contained within the Complaint.[2] *Id.* ¶¶ 22-30.

With respect to the detention, Plaintiff alleges that between May 18 and July 25, 2013, he was imprisoned at the Martinez and West County Detention Facilities in Contra Costa County. *Id.* ¶¶ 2, 10. While imprisoned at the Martinez Detention Facility, Plaintiff was subjected to inhumane conditions,[3] as follows:

> [Plaintiff] was imprisoned for three days with no food, no clock, and no water. The room was dirty. There were at least 30 prisoners. There was no space to move. It was 70 or 80 degrees. There were no windows inside the room. There was no officer or guard to watch over claimant. There were sick people inside. There was no way to defecate or urinate for three days. There was no toilet paper; no pillows; no blankets. Claimant had to lay on sandals and shoes. There were no cots. . . . During his imprisonment, claimant was given food that was moldy and had plastic in his food.

*Id.* ¶¶ 10-11. Plaintiff was put in lock down on or about June 13, 2013, at which time he was also "forced to sleep on a metal bunk bed; no toilet tissue; he rang the emergency bell but no one came . . . [he] wanted to lie down, but he had to wait on shift deputy to let him out," and during which a "Deputy King" said "you're fucking welcome I helped you out."[4] *Id.* ¶ 11. Plaintiff was also provided "inadequate medical health care" during this detention. *Id.* ¶ 32. It is unclear whether this allegation is related to the "refus[al] to provide medical attention" that Plaintiff alleges in his Opposition papers. Opp'n to City's Mot. at 5 (Docket No. 17).

Finally, with respect to the charges brought against him, Plaintiff alleges that he was charged with felony robbery, burglary, and use of a firearm on June 12, 2013 (Compl. ¶ 2), despite the fact that "the offense had not occurred, nor did Defendant have probable

---

[2] It also came to light at the September 14, 2015 hearing that Plaintiff was re-arrested on June 18, 2015. Should Plaintiff elect to file an amended Complaint in this case, he would need to be specific about which arrests are relevant to each cause of action, and why. This specificity will be critical to understanding the boundaries of potential liability for the City Defendants on each cause of action. *See infra* note 10.
[3] Plaintiff never specifically alleges, however, a conditions-of-confinement claim under the Eighth Amendment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991).
[4] At the September 14, 2015 hearing, Plaintiff clarified that this interaction with Deputy King is another basis of the assault and battery cause of action. Should Plaintiff elect to file an amended Complaint, he should be specific about which actions, by which Defendants, form the basis of each cause of action.

1  cause to believe that it had occurred or that Plaintiff had committed it" (*id*. ¶ 16). These

2  charges were later dismissed. *Id.* ¶ 2.

3  After filing a Government Claim against the City Defendants (City's Req. for

4  Judicial Notice, Ex. C (Docket No. 15)),[5] Plaintiff initiated this lawsuit, alleging five

5  causes of action. The first two causes of action are state law claims for false imprisonment

6  and assault and battery, and the latter three causes are 42 U.S.C. § 1983 claims alleging

7  violations of: (1) the Due Process Clause of the Fourteenth Amendment; (2) the Fourth

8  Amendment; and (3) Defendants' duty to train. Compl. ¶¶ 14-55.

9  Both the City and County Defendants filed Motions to Dismiss, and the City

10  Defendants included a Request for Judicial Notice with their motion.[6]

**LEGAL STANDARD**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Specifically, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 547, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[5] This information was also missing from the Complaint, but brought to the Court's attention through the City's Request for Judicial Notice.
[6] The City Defendants request judicial notice of four documents: (1) Plaintiff's arrest warrant, dated April 29, 2013; (2) Plaintiff's booking record, dated May 7, 2013; (3) Plaintiff's Government Claim, dated November 8, 2013; and (4) City's notice rejecting the Government Claim, dated November 27, 2013. All of these documents are proper subjects of judicial notice. *See Howard v. Dalisay*, No. C 10-05655 LB, 2014 WL 186304, at *1 n.3 (N.D. Cal. Jan. 16, 2014) (noticing arrest warrant); *Serrano v. Hill*, No. CV 12-10956-VBF, 2014 WL 3101367, at *4 (C.D. Cal. Feb. 18, 2014) (noticing booking record); *Moore v. City of Vallejo*, No. 2:14-cv-00656-JAM-KJN, 2014 WL 5325461, at *1 (E.D. Cal. Oct. 17, 2014) (noticing Government Claim); *Wilhite v. City of Bakersfield*, No. 1:11-CV-1692 AWI JLT, 2012 WL 273088, at *15 n.26 (E.D. Cal. Jan. 30, 2012) (noticing Government Claim rejection letter). Accordingly, the Court hereby GRANTS the City Defendants' request for judicial notice in its entirety.

misconduct alleged." *Id.* Such a showing "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545, 555.

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted). A court is therefore "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

Dismissal of claims that fail to meet this standard should be with leave to amend, unless it is clear that amendment could not possibly cure the complaint's deficiencies. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296, 1298 (9th Cir. 1998).

**DISCUSSION**

Plaintiff brings claims under both state law and 42 U.S.C. § 1983. As discussed below, all of Plaintiff's claims against certain Defendants are improper, cannot be cured by amendment, and are therefore DISMISSED WITH PREJUDICE. As for all three of Plaintiff's federal causes of action, Plaintiff has failed to state a claim upon which relief can be granted. It is not absolutely clear, however, that an amended Complaint could not possibility cure the deficiencies on these causes of action. As such, Plaintiff's third, fourth, and fifth causes of action under § 1983 are DISMISSED WITHOUT PREJUDICE. In the meantime, because no federal claims persist, the Court declines to exercise supplemental jurisdiction over the remaining two state law causes of action. As such, Plaintiff's first and second causes of action under state law are likewise DISMISSED WITHOUT PREJUDICE.

4

**I.   Improper Defendants**

The Complaint lists all of the following entities and individuals as Defendants: Contra Costa County; Contra Costa County Sheriff David O. Livingston, in his individual and official capacities; Contra Costa County Sheriff's Office; City of Concord; City of Concord Police Chief Guy Swanger, in his individual and official capacities; and Does 1-20.  Compl. at 1.  For the reasons set forth below, Plaintiff erred in bringing suit against certain of these Defendants, and all claims against these Defendants are therefore DISMISSED WITH PREJUDICE.

### a.   The Sheriff's Office Is Not a Proper Defendant.

Municipal offices are "generally not considered 'persons' within the meaning of 42 U.S.C. § 1983." *U.S. v. Kama*, 394 F.3d 1236, 1240-41 (9th Cir. 2005) (citing *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit.")).

Though the County Defendants included this argument in their motion to dismiss (Cnty. Mot. at 1 n.1 (Docket No. 13)), Plaintiff failed to respond with any explanation as to why a suit against the Sheriff's Office should survive.[7]  Because Plaintiff has provided the Court with no legal authority to suggest that the Sheriff's Office is a legal entity subject to suit, the Court hereby DISMISSES WITH PREJUDICE all five of Plaintiff's causes of action as against the Sheriff's Office.

//
//
//

---

[7] When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail.  *See Silva v. City of San Leandro*, 744 F. Supp. 2d 1036, 1050 (N.D. Cal. 2010) ("Plaintiffs do not address this argument in their Opposition brief, implicitly conceding that these claims fail."); *Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

### b. It Is Redundant to Sue Both a Municipal Office and a Municipal Officer in His Official Capacity.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). "[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed." *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996).

On Plaintiff's first and fourth causes of action, for false imprisonment and 42 U.S.C. § 1983 (Fourth Amendment), respectively, Plaintiff includes both the municipal entity and municipal officer in an official capacity. In the case of the County Defendants, Plaintiff includes both Contra Costa County and Sheriff Livingston in his official capacity as Defendants; in the case of the City Defendants, Plaintiff includes both the City of Concord and Police Chief Swanger in his official capacity as Defendants.

Because Plaintiff has provided the Court with no legal authority[8] to suggest that such pleading was not duplicative, the Court hereby DISMISSES WITH PREJUDICE Plaintiff's first and fourth causes of action as against Sheriff Livingston and Police Chief Swanger in their official capacities.

### c. Municipal Officers May Be Sued in an Individual Capacity Only if Plaintiff Alleges Their Personal Involvement.

To maintain a cause of action under 42 U.S.C. § 1983 against a municipal official in his individual capacity, a Plaintiff must plead that the official was personally involved in the alleged constitutional violation. *See Shallowhorn v. Molina*, 572 Fed. Appx. 545, 546 (9th Cir. 2014) ("The district court properly dismissed Shallowhorn's claims against Warden Hedgpeth because Shallowhorn failed to allege Hedgpeth's personal involvement

---

[8] *See supra* note 7.

with any constitutional violation."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("Liability under § 1983 must be based on the personal involvement of the defendant.").

The Complaint makes no factual allegations regarding the personal involvement of either Sheriff Livingston or Police Chief Swanger. Indeed, Plaintiff conceded at the September 14, 2015 hearing that he lacks any factual support that either Sheriff Livingston or Police Chief Swanger was personally involved in his arrest or detention, and that dismissal of claims against both officers in their individual capacities was therefore appropriate. As such, the Court hereby DISMISSES WITH PREJUDICE all five of Plaintiff's causes of action as against Sheriff Livingston and Police Chief Swanger in their individual capacities.

## II.  Federal Causes of Action

Plaintiff's third, fourth, and fifth causes of action allege violations of 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .  subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a claim under § 1983, the complaint must show: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).

As discussed above, Plaintiff does not allege the personal involvement of any individual City or County actor. In order to survive the motion to dismiss, then, Plaintiff must have stated § 1983 claims against the City and County as municipal entities.[9]

---

[9] Plaintiff brings the fourth cause of action against all defendants, but brings the third and fifth causes of action against only Sheriff Livingston in his individual and official

7

In *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipal entities are "persons" subject to § 1983 liability, not on the basis of respondeat superior, but when the alleged deprivation of rights can be attributed to municipal policy or custom. A municipality can therefore be sued directly under § 1983 only where (1) the alleged unconstitutional conduct is the result of an official policy, pattern, or practice, or (2) a government practice, although "not authorized by written law, . . . [is] so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 690 (citation omitted). As to the latter basis for liability, "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled . . . policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Monell*, 436 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.*

Though Plaintiff seems aware of the *Monell* standard (*see* Compl. ¶ 9), the Complaint provides very little in the way of allegations of a "policy or custom" of constitutional violations by either the City or County Defendants. Indeed, the Complaint never states which of the myriad Defendants deprived Plaintiff of his constitutional rights on each cause of action, making it unclear for which Defendants Plaintiff could even be attempting to allege a "policy or custom" as required under *Monell*.[10] For these reasons, as

---

capacities; the Sheriff's Office; and Police Chief Swanger in his individual and official capacities. For the reasons discussed above, only the City and County survive as Defendants on the fourth cause of action, and only Sheriff Livingston in his official capacity and Chief Swanger in his official capacity survive as Defendants on the third and fifth causes of action. But because the claims against the Sheriff and Police Chief in their official capacities act as suits against their public entity (*Will*, 491 U.S. at 71 (1989)), this nuance does not affect the Court's legal analysis in any way.

[10] The City Defendants argue that none of Plaintiff's § 1983 claims have any factual basis as against the City, because they occurred while Plaintiff was in County custody. City's Mot. at 14-15. If Plaintiff's § 1983 claims are limited to his time in County custody, then the City is correct. *See, e.g.*, *Wyatt v. Cnty. of Butte*, No. 2:06-CV-1003 GEB-JFM, 2007 WL 3340947, at *2 (E.D. Cal. Nov. 9, 1997) ("[The] City Police Department is not a County actor, [and] the County is not liable on [a City arrest] claim under *Monell*."). It is not clear from the Complaint, however, that Plaintiff intends to limit all of his § 1983

8

1  discussed below for each cause of action, the Court hereby DISMISSES WITHOUT
2  PREJUDICE all three of Plaintiff's federal causes of action under § 1983.

### a. Third Cause of Action: § 1983 (Fourteenth Amendment)

Plaintiff's third cause of action is brought under 42 U.S.C. § 1983, alleging a violation of his Fourteenth Amendment rights. Compl. ¶¶ 31-34. Specifically, Plaintiff alleges that "Defendants subjected Plaintiff to a substantial risk of harm and injury from violence from other prisoners and inadequate medical health care." *Id.* ¶ 32. Read generously, it appears that Plaintiff is actually alleging two constitutional violations under the Due Process Clause: one for violation of his right to personal security, and one for inadequate medical care.

To state a § 1983 claim for violation of the right to personal security, a pretrial detainee must demonstrate either that prison officials acted with "deliberate indifference" or that their conduct was "so wanton or reckless with respect to the 'unjustified infliction of harm [to be] tantamount to a knowing willingness that it occur.'" *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (citation omitted). Likewise, to state a § 1983 claim for inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The Complaint fails to adequately allege even an individual constitutional violation. Nowhere in the Complaint does Plaintiff allege indifference of any kind, with respect to either personal security or a serious medical need. There is neither a single allegation regarding violence at the hands of a guard or another prisoner, nor any mention of a medical need, serious or otherwise. Instead, Plaintiff merely asserts the conclusion that

---

claims to his time in County custody, because the text of these causes of action is unclear as to the content and location of the alleged constitutional violations. At the September 14, 2015 hearing, Plaintiff offered only that the City could be liable for harms to Plaintiff while he was in County custody based on the "domino effect" that began when the City arrested Plaintiff. Should Plaintiff elect to file an amended Complaint, he would need to provide some legal support for this "domino effect" in order to hold the City liable for the County's conduct, if his § 1983 are indeed limited to his time in County custody.

"Defendants subjected Plaintiff to a substantial risk of harm and injury from violence from other prisoners and inadequate medical health care." Compl. ¶ 32. This is insufficient, as Plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 566 U.S. at 678. The "labels and conclusions" that Plaintiff puts forth are precisely the sort of "formulaic recitation of the elements of a cause of action" that the Supreme Court has counseled against. *Twombly*, 550 U.S. at 1965.

But even more fatally, the Complaint nowhere states which "policy or custom" caused the vague constitutional violations that are alleged. Plaintiff alleges only that Defendants harmed him "[b]y their policies and practices described above." Compl. ¶ 32. There is no policy described "above," or anywhere else in the Complaint. Moreover, the Complaint never states which of the Defendants subjected Plaintiff to harm from violence and/or inadequate medical care, making it unclear for which Defendants Plaintiff could even be attempting to allege a "policy or custom" as required under *Monell*.

The Court cannot, based on these unclear allegations, find that Plaintiff has stated a claim upon which relief can be granted. Should Plaintiff elect to file an amended Complaint, he would need to provide (1) some factual allegations to support § 1983 liability for Due Process violations, identifying what sort of Due Process claim is being made and on what basis; and (2) allege what "policy or custom" was responsible for those violations.

### b. Fourth Cause of Action: § 1983 (Fourth Amendment)

Plaintiff's fourth cause of action is brought under 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment rights. Compl. ¶¶ 35-43. Specifically, Plaintiff alleges that, "[i]n falsely imprisoning Plaintiff, Defendants denied Plaintiff the right under the United States Constitution to be free from unreasonable search and seizure" (*id*. ¶ 39), and "Defendants seized Plaintiff's person in violation of law" (*id.* ¶ 40).

To state a § 1983 claim for an unlawful arrest or detention under the Fourth Amendment, a "Plaintiff is required to plead facts sufficient for the Court to conclude that it is plausible, as opposed to merely possible, that there was no probable cause or

reasonable suspicion [for the arresting officers] to detain Plaintiff, such that the actions of search, detention, and arrest committed by the officers were objectively unreasonable in light of the circumstances." *Smith v. Cnty. of Santa Cruz*, No. 13-CV-00595 LHK, 2014 WL 3615492, at *7 (N.D. Cal. July 22, 2014) (internal quotation marks omitted).

The Complaint fails to adequately allege even an individual constitutional violation. Nowhere does the Complaint explain why the Defendants lacked probable cause for Plaintiff's arrest or detention. Instead, for the fourth cause of action Plaintiff alleges only that, "[i]n falsely imprisoning Plaintiff, Defendants denied Plaintiff the right under the United States Constitution to be free from unreasonable search and seizure" (Compl. ¶ 39) and "Defendants seized Plaintiff's person in violation of law" (*id.* ¶ 40). Elsewhere in the Complaint, under the first cause of action for false imprisonment, Plaintiff at least mentions the probable cause standard: "Between May 18 and July 25, 2013, [] Defendants restrained Plaintiff, *without just cause*, when they held him in the custody of the Contra Costa County Sherriff" (*id*. ¶ 15 (emphasis added)); "Defendant City of Concord Police Department caused charges . . . to be filed against Mr. Roy, but in fact . . . *Defendant [did not] have probable cause*" to believe the offenses had occurred (*id*. ¶ 16 (emphasis added)). Importantly, the Complaint does not disclose that Plaintiff was arrested pursuant to a warrant. *See* City's Req. for Judicial Notice, Ex. A.

Even taken as true, however, these allegations are not sufficient for the Court to conclude that it is plausible, as opposed to merely possible, that there was no probable cause for Plaintiff's arrest and detention. The Complaint fails to allege why Plaintiff was arrested, why the arresting officers lacked probable cause or reasonable suspicion, or why Defendants' conduct was unreasonable.[11] Instead, Plaintiff merely asserts the legal

---

[11] In opposition to the City's motion, Plaintiff for the first time alleges that the officer responsible for securing his arrest warrant, Officer Pardella, "did not have cause to arrest that was reasonable" because "[h]e prepared and submitted an affidavit for an arrest warrant based on the testimony of one witness and nothing more, where Plaintiff had no record on file and was simply minding his business," and "[t]his was unreasonable." Opp'n to City's Mot. at 4. Should Plaintiff elect to file an amended Complaint, such allegations should be included on both the first and fourth causes of action.

11

conclusion that Defendants' actions were taken "without just cause." Compl. ¶ 15. This is insufficient, as Plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 566 U.S. at 678. The "labels and conclusions" that Plaintiff puts forth are precisely the sort of "formulaic recitation of the elements of a cause of action" that the Supreme Court has counseled against. *Twombly*, 550 U.S. at 1965.

Even if these conclusory allegations were sufficient to allege a single constitutional violation, the fourth cause of action makes absolutely no mention of any "policy or practice" that could have caused the vague constitutional violations that are alleged, as required under *Monell*. Moreover, the Complaint never states which of the Defendants falsely imprisoned Plaintiff, during which arrests and/or detentions, so it is unclear which Defendants allegedly had this as yet unclear policy or custom.

The Court cannot, based on these unclear allegations, find that Plaintiff has stated a claim upon which relief can be granted. Should plaintiff elect to amend the Complaint, he would need to provide (1) some factual allegations to support § 1983 liability for Fourth Amendment violations, including whether the claim pertains to his arrest, detention, or both, and why it was unlawful; and (2) allege what "policy or custom" was responsible for any constitutional violations.

### c. Fifth Cause of Action: § 1983 (Training)

Plaintiff's fifth cause of action is brought under 42 U.S.C. § 1983, alleging that Defendants failed to train their employees in violation of the Constitution. Compl. ¶¶ 44-55. Specifically, Plaintiff alleges that, "Defendant's training program was not adequate to train its officers and/or employees because said training resulted in officers and/or employees utilizing procedures which violated Plaintiff's civil rights," and "Defendant's failed to train its officers and/or employees regarding recurring situations that presented an obvious potential for constitutional violations." *Id.* ¶¶ 46-47.

A municipal entity can only be liable for a failure to train "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into

1    contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Negligent, or even
2    grossly negligent training is not enough.  *Id.* at 391-92.  Rather, a plaintiff must prove
3    "deliberate indifference" in one of two ways.  "First, a municipality could fail to train its
4    employees concerning a clear constitutional duty implicated in recurrent situations that a
5    particular employee is certain to face." *Id.* at 396 (O'Conner, J. concurring).  "Second, . . .
6    municipal liability for failure to train may be proper where it can be shown that
7    policymakers were aware of, and acquiesced in, a pattern of constitutional violations
8    involving the exercise of police discretion." *Id.*

9        With respect to failed training, Plaintiff alleges that "Defendants knew of increased
10   complaints against the department and excessive force violations, and problems caused by
11   overcrowding" (Compl. ¶ 48), that "Defendants performed an audit of its 'keep separate'
12   policies that identified numerous deficiencies, including insufficient experience and
13   training" (*id.*), and that, "[a]fter learning of a pattern of constitutional violations by its
14   officers, Defendants failed to provide further training to prevent these violations" (*id.* ¶
15   51).  Even taken as true, however, these allegations fail to state a claim for the "deliberate
16   indifference" required under *City of Canton*.  It is unclear, for example, which Defendants
17   (City or County) Plaintiff is referring to, and what training said Defendants should have
18   instituted but did not.  Instead, Plaintiff merely asserts the legal conclusion that
19   Defendants' training program was "not adequate" because it "resulted in . . . procedures
20   which violated Plaintiff's civil rights" in "recurring situations that presented an obvious
21   potential for constitutional violations."  *Id.* ¶¶ 46-47.  This is insufficient, as Plaintiff must
22   plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible
23   on its face." *Iqbal*, 566 U.S. at 678.  The "labels and conclusions" that Plaintiff puts forth
24   are precisely the sort of "formulaic recitation of the elements of a cause of action" that the
25   Supreme Court has counseled against.  *Twombly*, 550 U.S. at 1965.

26       The Court cannot, based on these unclear allegations, find that Plaintiff has stated a
27   claim upon which relief can be granted.  Should Plaintiff elect to file an amended
28   Complaint, he would need to provide some factual allegations to support § 1983 liability

13

for failure to train, including which Defendants failed to train their personnel, and what sort of training said Defendants should have provided but did not.

### d. Statute of Limitations

The City Defendants argue that, in addition to being factually insufficient, Plaintiff's third, fourth, and fifth causes of action under § 1983 are time-barred. City's Mot. at 23-24. For § 1983 claims, federal courts should borrow the state's statute of limitations period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). California's statute of limitations for personal injury actions is two years. Cal. C.C.P. § 335.1. The issue, then, is when each of Plaintiff's three federal causes of action accrued, and whether two years have lapsed since that date.

Given that it is unclear what conduct, on what dates, by which Defendants caused each of Plaintiff's alleged constitutional harms, it is impossible for the Court to determine whether these causes of action are time-barred. Should Plaintiff elect to file an amended Complaint, he should be cognizant of this two-year limitations period. In the meantime, it would be premature for the Court to find that City Defendants have proven this affirmative defense as a matter of law.

## II.   Supplemental Jurisdiction

Plaintiff's remaining causes of action arise under state law. A federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction, however, where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In considering whether to retain supplemental jurisdiction, a court should consider factors such as "economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . .

will point toward declining to exercise jurisdiction over the remaining state law claims." *Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1553 n.4 (9th Cir. 1994) (emphasis omitted), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008).

As discussed above, Plaintiff has not satisfied the pleading requirements for any federal cause of action. And the factors that guide this Court's decision whether to retain jurisdiction over Plaintiff's remaining state law causes of action for false imprisonment and assault and battery – economy, convenience, fairness, and comity – favor dismissal. This case is still at the pleading stage, and as such, no discovery has taken place and dismissing the case at this stage would conserve judicial resources. But perhaps more importantly, Defendants have raised several state law defenses to Plaintiff's state law claims. *See, e.g.*, Cnty.'s Mot. at 5-6 (arguing that Plaintiff's state law claims are barred for failure to comply with the California Tort Claims Act); City's Mot. at 10-11 (same); *id.* at 12 (arguing that the City Defendants are immune from liability for false imprisonment under California Law). Dismissal therefore promotes comity, as it allows California courts to interpret these questions of state law.

For these reasons, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and hereby DISMISSES WITHOUT PREJUDICE Plaintiff's first and second causes of action.

**CONCLUSION**

For the foregoing reasons, the City and County Defendants' motions to dismiss Plaintiff's Complaint are GRANTED. Dismissal is WITH PREJUDICE for all five of Plaintiff's causes of action as against the Sheriff's Office; for Plaintiff's first and fourth causes of action as against Sheriff Livingston and Police Chief Swanger in their official capacities; and for all five of Plaintiff's causes of action as against Sheriff Livingston and Police Chief Swanger in their individual capacities. Dismissal is WITHOUT PREJUDICE as to all other claims.

Should Plaintiff elect to file an amended Complaint curing the deficiencies identified herein, he shall do so within two weeks of the date of this order.  Failure to file a timely amended complaint shall result in dismissal of all claims with prejudice.

**IT IS SO ORDERED.**

Dated: 09/29/15                                  _____
                                                              THELTON E. HENDERSON
                                                              United States District Judge